UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BELTRAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:19-cv-592-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL<br><br>ORDER THAT THE CLERK'S OFFICE ENTER JUDGMENT IN FAVOR OF CLAIMANT AND CLOSE THIS CASE |

Claimant has requested judicial review of the Social Security Administration's ("SSA") denial of his application for disability insurance benefits. On June 10, 2020, we heard argument from the parties. Having reviewed the record and considered arguments raised by the parties, the court remands this case for further consideration by the Commissioner of Social Security.

Claimant, who is forty-nine years old, alleged disability in April 2016 based on several mental and physical limitations. In April 2018, following a hearing, the administrative law judge ("ALJ") found that claimant had one severe impairment—paranoid schizophrenia—and classified his remaining ten impairments as non-severe, meaning that they "caused no more than minimal limitation upon basic work activities." AR 21. Claimant now argues that the ALJ's decision should be remanded because (1) the ALJ's development of the record was insufficient, and (2) the ALJ did not articulate sufficient grounds for rejecting claimant's testimony.

We have jurisdiction under 42 U.S.C. § 405(g), pursuant to which we ask whether

1

substantial evidence supports the ALJ's factual findings and whether the ALJ's decision conformed with applicable regulations. Claimant's first argument focuses on the ALJ's classification of one of claimant's impairments—a neurological abnormality known as an arachnoid cyst—as non-severe. Claimant maintains that the ALJ owed a duty to develop the record further regarding this impairment, that the ALJ fell short of this duty by relying on his lay opinion rather than medical evidence, and that the ALJ's decision thus lacked support in substantial evidence.

An individual seeking disability insurance benefits bears the burden of proving that he is disabled. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) ("The claimant bears the burden of proving that she is disabled."). An ALJ, however, is not a mere observer of the administrative process; the Social Security Act requires ALJs to be active participants, responsible for coordinating the non-adversarial evaluation process and for undertaking a certain amount of investigation. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered."). The Act requires ALJs to "make every reasonable effort to obtain" all medical evidence necessary to determine disability. 42 U.S.C. § 423(d)(5)(B). In a case in which benefits are denied, the Act further requires the ALJ to "develop a complete medical history of at least the preceding twelve months." *Id.* This responsibility is not limited to the pursuit of pre-existing information; in some cases, the ALJ "may need" to request the collection of additional information, for example by asking the claimant to undergo a consultative examination. 20 C.F.R. §§ 404.1520b(b), (b)(2)(iii); *see also id.* § 404.1512(b) (defining SSA's responsibility to develop medical history).

ALJs are not required to develop the record in every case. Instead, a duty to develop the record exists "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence" by the ALJ. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *see* 20 C.F.R. § 404.1520b(b) (addressing an ALJ's responsibilities when the

2

"record is insufficient or inconsistent"—meaning when the record "does not contain all the information [SSA needs] to make [its] determination or decision," or when the evidence "conflicts with other evidence, contains an internal conflict, is ambiguous, or when the medical evidence does not appear to be based on medically acceptable clinical or laboratory diagnostic techniques"). A record may be insufficient, for example, if it contains crucial medical information that is too technical to be understood or evaluated by an ALJ. *See Molina v. Berryhill*, No. 2:17-CV-01991 CKD, 2018 WL 6421287, at *4 (E.D. Cal. Dec. 6, 2018) (faulting an ALJ for failing to further develop the record where the ALJ, without the benefit of a medical expert, based her conclusion on her "lay interpretation" of "x-rays, MRIs, and clinical findings"). Applying this standard, courts have struck something of a balance between the burden of proof—borne by claimants—and ALJs' responsibility to oversee a non-adversarial process. In cases where the record is found to be ambiguous or inadequate, reviewing courts have remanded for further consideration by the SSA, citing a lack of substantial supporting evidence. *See, e.g.*, *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

Claimant's arachnoid cyst was identified in a magnetic resonance imaging test ("MRI") on October 17, 2017. Shortly after the MRI, claimant consulted with family nurse practitioner Mai Ton Yang, who noted, under the heading "REFERRAL/CONSULT": "NEUROLOGY regarding multiple[] abnormalities found in the brain, needs further evaluation by specialist ASAP." The record, however, suggests that there was no such follow-up. And although the ALJ considered the opinions of multiple doctors, including two state agency reviewers, *see* AR 26, the relevant medical opinions all predate identification of the brain cyst.

The ALJ acknowledged the cyst's discovery, stating:

> On October 17, 2017, a brain MRI showed arachnoid cyst seen within the left cerebellopontine angle, and minimal nonspecific white matter changes. The minimal white matter changes noted could be seen with migraine, mild microvascular disease, and mild senescent brain changes. The claimant was referred to a neurologist on November 1, 2017.

AR 21 (internal citations omitted). The ALJ does not explain, however, how he reached the conclusion that this impairment "caused no more than minimal limitation upon basic work

3

activities." *Id.*

Nor does the record contain a substantial basis for reaching this conclusion. The Commissioner notes on appeal that the ALJ asked claimant about the arachnoid cyst at the April 3, 2018 hearing, inquiring whether it was a "fair statement" to say that there was nothing in the record indicating "that it has any impact on you." AR 48. To this, claimant, who was not represented by counsel, answered, "at this point, yes." Claimant elaborated, saying, "I'm like terrified," and "I don't want no brain surgery," but that "[if] it has to be done, it has to be done." When asked whether the cyst would prevent him from getting a job, claimant again expressed uncertainty: "I hope not. But I'm not sure." AR 47.

As an initial matter, the ALJ did not rely on claimant's hearing statements in his opinion, and on appeal our review is limited to the explanations given by the ALJ. *See Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Even if the ALJ had relied on claimant's statements at the hearing, however, those statements would still fall short of the substantial evidence threshold, since claimant is hardly qualified to evaluate the significance of an arachnoid cyst, even if it is in his own brain, and claimant's statements indicate nothing more than that the record lacked evidence of the cyst's significance. Claimant—who was, again, unrepresented by counsel—thus highlighted the very shortcoming in the record that we find troubling on appeal.

We do not make light of claimant's burden in this case. But this is a case involving an unrepresented claimant, suffering from paranoid schizophrenia, who, apparently at his own impetus, underwent an objective medical test that revealed the presence of a significant medical condition—one serious enough that his nurse practitioner urged him to follow up with a neurologist "ASAP."[1] AR 434. In a non-adversarial social security proceeding, this is more than enough to warrant further development of the record. *See Tonapetyan v. Halter*, 242 F.3d 1144

---

[1] Claimant's opening brief cites the website of the National Institutes of Health as stating, "typical symptoms of an arachnoid cyst around the brain include headache, nausea and vomiting, seizures, hearing and visual disturbances, vertigo, and difficulties with balance and walking." ECF No. 13 at 19.

(9th Cir. 2001) (finding insufficient development of the record in a case where the claimant was represented "by a lay person rather than an attorney" and where the claimant may have been "mentally ill and thus unable to protect her own interests"). We thus conclude that the existing record is insufficient to support a finding that claimant's arachnoid cyst is non-severe. On these facts, the ALJ had an obligation to develop the record—but did not.[2]

Claimant additionally alleges that the ALJ improperly discounted claimant's testimony. The court not need to reach this issue (and thus does not), but we note, for the convenience of the parties, that this argument is unpersuasive. The ALJ explained his evaluation of claimant's testimony in some detail, commenting on claimant's "activities of daily living," which the ALJ found impossible to verify and out of line with "the relatively weak medical evidence." AR 24. The ALJ also cited a medical exam in which claimant's "motor activity, sensorium, cognition, speech, orientation, thought processes, mood, and affective range were all normal," as well as claimant's level of medication, which he found "did not suggest the presence of an impairment that was more limiting than found in this decision." AR 25. Were we to reach this issue, we would find that the ALJ's discounting of claimant's testimony rests on solid ground.

In sum, we find that the ALJ's decision lacked support in substantial evidence because the record was insufficient to allow evaluation of a relatively recently-diagnosed impairment, an arachnoid cyst. For the reasons stated in this order and on the record at oral argument, we remand for further consideration by the SSA—specifically, so that the record can be developed regarding the significance of this arachnoid cyst. The clerk of court is directed (1) to enter judgment in favor of claimant Luis Beltran and against defendant Commissioner of Social Security and (2) to close this case.

---

[2] Nor is this error harmless. Although, as emphasized by the Commissioner at oral argument, the ALJ included certain mental limitations in claimant's residual functional capacity, *see* AR 22, we see no basis for finding that those address any symptoms that might be associated with claimant's arachnoid cyst. The general principle of our circuit is that an ALJ's error is harmless when it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and internal quotation marks omitted). Here, the ALJ's decision not to develop the record on this important threshold issue was of great potential consequence to the outcome.

IT IS SO ORDERED.

Dated:     June 25, 2020                               _____
                                                                              UNITED STATES MAGISTRATE JUDGE